UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE CLARK,                                       Case No. 08-14824

    Plaintiff,                                    HON. SEAN F. COX
v.                                                  United States District Judge


OAKLAND COUNTY, et al.

    Defendants.
_____/

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS [Doc. No. 16]

Plaintiff Willie Clark ("Clark") filed this § 1983 action on November 17, 2008 against Defendants Waterford Township, Michigan ("Waterford" or "the Township"), and Waterford Police Officer Tom Bowen ("Bowen") (collectively, "the Waterford Defendants"), Oakland County, Michigan, the Oakland County, Michigan Circuit Court, and the Oakland County, Michigan, Jail. The matter is currently before the Court on the Waterford Defendants' "Motion for Judgement on the Pleadings" [Doc. No. 16]. The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion be decided without oral argument. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the Waterford Defendants' motion [Doc. No. 16].

BACKGROUND

This case arises, in part, out of the events surrounding a bench warrant issued in error for Plaintiff Clark's arrest. Pursuant to FED. R. CIV. P. 12(c), the following are the facts of this case

1

as alleged by Clark in his Amended Complaint [Doc. No. 4].

Clark was to appear for a violation of probation hearing on August 30, 2005, but that hearing date was adjourned until October 18, 2005.[1] *Id*. at ¶9. When Clark's attorney developed a scheduling conflict on October 18, 2005, Clark's hearing was again rescheduled- this time to November 15, 2005. *Id*. at ¶¶9-10. In the meantime, however, an alleged clerical error resulted in a bench warrant being issued for Clark's arrest on November 4, 2005 - eleven days before Clark was actually scheduled to appear for his hearing. *Id*. at ¶¶12-13.

On November 15, 2005, Clark appeared for his probation violation hearing as ordered, and after the hearing Clark's alleged violation was dismissed and his probation was terminated. *Id*. at ¶14. Despite this result, however, Clark alleges that the clerks at the courthouse failed to set aside the bench warrant - which arguably never should have been issued in the first place - in Clark's name dated November 4, 2005, resulting in an active bench warrant for Clark's arrest continuing to exist in the computerized law enforcement information system ("LEIN"). *Id*. at ¶15.

Clark further alleges that approximately one year later - on November 16, 2006 - Clark was at his home located at 854 Village Green Apt. 3099, Waterford, Michigan, when members of the Waterford police department[2] entered his home "without consent, without a warrant, and without the benefit of exigent circumstances and proceeded to detain and arrest Plaintiff without

---

[1] Clark's Amended Complaint does not name the court before which he was ordered to appear for a violation of probation hearing. As the resulting bench warrant for Clark's arrest was issued from Bloomfield Hills, Michigan [*See* Pl.'s Amended Complaint, Doc. No. 4, ¶18], the Court presumes that Clark was to appear before that city's court - i.e., the 48th District Court of Michigan. For purposes of this motion, however, the exact court which issued the bench warrant for Clark's arrest is irrelevant.

[2] It is not disputed that one of these police officers was Officer Bowen.

2

probable cause." *Id*. at ¶16. Clark's Amended Complaint [Doc. No. 4] does not elaborate upon the circumstances which brought the police to Clark's residence on November 16, 2006.

After searching Clark's home and locating Clark's identification, Officer Bowen ran Clark's name through the LEIN system. This, of course, revealed the November 4, 2005 bench warrant for Clark's arrest, on which Officer Bowen arrested Clark. *Id*. at ¶17. Clark further alleges that, while he was being arrested, Officer Bowen "intentionally inflict[ed] assaults and batteries" upon him, and "intentionally inflict[ed] emotional distress" upon Clark by subjecting him "to unprovoked and unjustified mistreatment and humiliation." *Id*. at ¶¶63(a), (b).

Clark was then taken to the Waterford Police Department and held until it was determined that the bench warrant was issued out of the City of Bloomfield Hills, Michigan, at which time the Waterford Police transferred custody of Clark to the Bloomfield Hills police department. *Id*. at ¶¶18-19.[3]

On November 17, 2008, Clark filed his Complaint [Doc. No. 1] in the instant action, which was superseded by Clark's Amended Complaint [Doc. No. 4] on March 16, 2009. The Amended Complaint brings the following causes of action against the Waterford Defendants:

    Count I: False Arrest (against Officer Bowen)
    Count II: Gross Negligence (against Officer Bowen)
    Count III: Assault and Battery (against Officer Bowen)
    Count IV: Intentional Infliction of Emotional Distress (against Officer Bowen)
    Count V: Violation of 42 U.S.C. § 1983 (against Officer Bowen and Waterford)
    Count VI: A Claim for "Constitutional Deprivation" (against Officer Bowen)
    Count VII: A *Monell* claim for § 1983 municipal liability (against Waterford)

---

[3] Further allegations by Clark - allegations related to causes of action not implicating the Waterford Defendants - reveal that Clark was eventually released from custody on November 27, 2006.

[Pl.'s Amended Complaint, Doc. No. 4].[4]

The Waterford Defendants filed the instant "Motion for Judgment on the Pleadings" [Doc. No. 16] on July 20, 2009. In their motion, the Waterford Defendants seek dismissal of all of Clark's causes of action against them, or in the alternative, a finding that Officer Bowen is entitled to qualified immunity.

STANDARD OF REVIEW

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)(internal citations and quotations omitted). The Sixth Circuit, in *Streater v. Cox*, 2009 WL 1872471, *3 (6th Cir. June 30, 2009), recently elaborated upon the pleading requirements necessary to survive a Rule 12(c) motion for judgment on the pleadings:

> In *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of 'his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." In *Erickson v. Pardus*, 550 U.S. - - - (2007), decided two weeks after Twombley, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short a plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.' The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." We read the *Twombley* and *Erickson* decisions in conjunction with one another when reviewing a district court's

---

[4] The remaining defendants to this cause of action are not parties to this motion, and thus are not discussed here.

4

decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Streater*, 2009 WL 1872471, *3, quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008) (internal citations omitted).

## ANALYSIS

The Waterford Defendants seek dismissal of all of Clark's causes of actions against them, or in the alternative, a finding that Officer Bowen is entitled to qualified immunity. The Court agrees that Officer Bowen is entitled to qualified immunity with respect to Clark's Fourth Amendment false arrest claim under § 1983, as well as Clark's state-law false arrest claim. However, Officer Bowen has not shown at this stage in the litigation that he is entitled to qualified immunity from Clark's Fourth Amendment excessive force and unreasonable search claims under § 1983, nor has Waterford Township shown that it is entitled to dismissal of Clark's § 1983 municipal liability claim. Finally, Officer Bowen is not entitled to dismissal of Clark's state law claims for assault and battery, gross negligence or for intentional infliction of emotional distress.[5]

    I. <u>Clark's § 1983 Claim for a Fourth Amendment False Arrest Violation, and For False Arrest under Michigan State Law, Against Officer Bowen Must be Dismissed</u>.

In Count V of his Complaint, Clark brings a § 1983 claim against Officer Bowen for violating his Fourth Amendment rights to be free from arrest without probable cause and from false imprisonment. Count I of Clark's Complaint also alleges a violation for false arrest under Michigan State law. As explained *supra*, Clark alleges that a bench warrant was improperly

---

[5] In his response brief, Clark concedes that he does not have a valid claim, nor did he intend to bring such a claim, against the Waterford Defendants for violation of the Michigan Constitution [*See* Doc. No. 25, pp.10-11]. Officer Bowen's arguments to the contrary are therefore **MOOT**.

issued for his arrest, and that this warrant was still in the LEIN system when Officer Bowen arrested Clark on the bench warrant on November 16, 2006. As Officer Bowen is entitled to qualified immunity with respect to Clark's claims for false arrest under federal and state law [Counts I, V], the Court **GRANTS** Officer Bowen's Rule 12(c) motion with respect to these issues.

Under the qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit, not just from an ultimate assessment of damages." *Archie v. Lanier*, 95 F.3d 438, 440 (6th Cir. 1996). This immunity shields officers "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Myers v. Potter*, 442 F.3d 347, 352 (6th Cir. 2005), quoting *Anderson v. Creighton*, 422 U.S. 635, 638 (1987).

Government officials, including police officers, are immune from civil liability unless, in the course of performing their discretionary functions, they violate the plaintiff's clearly established constitutional rights. *Hills v. Kentucky*, 457 F.3d 583, 587 (6th Cir. 2006). "Until recently, the analytical sequence in addressing an assertion of the qualified immunity defense was the two step inquiry set forth in *Saucier v. Katz*[, 533 U.S. 194 (2001)]." *Jones v. Byrnes*, 585 F.3d 971, 974-75 (6th Cir. 2009). Under *Katz*, a court had to ask whether, viewed in the light most favorable to the plaintiff, the facts show that the officer's conduct violated a constitutional right. *See Katz*, 533 U.S. at 201. "If the answer to this first question was 'no,' the analysis

proceeded no further because the plaintiff failed to establish a *prima facie* case of violation of a constitutional right; thus, the officer need not even seek the protection of qualified immunity." *Jones*, 585 F.3d at 975.

If, however, the facts established a violation of the plaintiff's constitutional rights, *Katz* mandated that the next step was to determine whether the constitutional right was "clearly established" at the time of the violation. If not, the officer would be entitled to qualified immunity. *See Katz*, 533 U.S. at 201. Under the "clearly established" inquiry, the question is whether the right was "so clearly established that a reasonable officer would understand that what he is doing violates that right." *Parsons v. City of Pontiac*, 533 F.3d 492, 500 (6th Cir. 2008).

However, in *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009), the Supreme Court recently abandoned *Katz*'s requirement that courts address all qualified immunity inquiries sequentially. "The Court recognized that the lower courts had complained that the sequential mandate was cumbersome and often forced courts to decide constitutional questions unnecessarily. . . ." *Jones*, 585 F.3d at 975. Thus, the Supreme Court held that:

> while the sequence set forth [in *Katz*] is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

*Pearson*, 129 S.Ct. at 818. This generally means that courts "are free to consider those questions in whatever order is appropriate in light of the issues" involved in each particular case. *Moldowan v. City of Warren*, 570 F.3d 698, 720 (6th Cir. 2009).

This Court has consistently held that law enforcement officers are entitled to qualified immunity where, absent actual knowledge that an arrest warrant was no longer valid or in effect,

7

those officers rely upon LEIN in arresting a criminal defendant on an outstanding warrant. *See, e.g., Taggart v. County of Macomb*, 587 F.Supp. 1080, 1082 (E.D. Mich. 1982); *Armi v. City of Sterling Heights*, 2005 WL 1048755, *2 (E.D. Mich. Apr. 27, 2005). In finding the law enforcement officers in *Taggart* to be entitled to qualified immunity, this Court held as follows:

> It would unduly hamper law enforcement to require officers to go beyond, or attempt to independently verify, information received through the *LEIN* system. Incidents such as the present [where, as here, the plaintiff was arrested on an erroneous warrant] are certainly unfortunate, however, the medicine of placing unreasonable burdens on officers in the field puts a strang[l]ehold on law enforcement without effectively treating the disease.

*Taggert*, 587 F.Supp. at 1082 (internal quotations omitted). Michigan state courts similarly reject false arrest claims by plaintiffs arrested on erroneous warrants in the LEIN system. *See, e.g., People v. Bell*, 74 Mich. App. 270, 275-77 (1977); *People v. Walker*, 58 Mich. App. 519, 524 (1975).

In the instant case, as in *Taggert*, Officer Bowen is alleged to have relied upon LEIN's report of an erroneous bench warrant in arresting Clark. Officer Bowen is not alleged to have had any knowledge that the bench warrant in Clark's name was erroneous before he arrested Clark. Thus, on these facts, Officer Bowen is entitled to qualified immunity on Clark's claims stemming solely from his arrest - i.e., Clark's claims for violation of his Fourth Amendment rights to be free from arrest without probable cause and from false imprisonment, and Clark's claim for false imprisonment under Michigan State law.

    II. <u>Clark's § 1983 Claim for a Fourth Amendment Excessive Force Violation Against Officer Bowen Survives</u>.

In Count V of his Complaint, Clark brings a § 1983 claim against Officer Bowen for a violation of his Fourth Amendment right to be free from excessive force. Officer Bowen argues

that Clark's allegations related to this claim are insufficient to withstand a Rule 12(c) motion. The Court disagrees for the reasons that follow.

Officer Bowen argues that Clark's excessive force § 1983 action consists *entirely* of allegations related to Clark's handcuffing, as shown below:

> According to the Complaint, Officer Bowen and a John Doe Police Officer "assaulted and battered Plaintiff, when they placed Plaintiff in handcuff [*sic*] and same were too tight, absent adequate or just provocation." (Exhibit 1, ¶53). However, Plaintiff failed to allege that he suffered a specific injury, only asserting general "pain and suffering and emotional distress." (Exhibit 1, ¶54). Furthermore, although he claims that the handcuffs were "too tight," he fails to allege that he complained about the tightness of the handcuffs or that the Officers ignored his complaints. *Lyons* [*v. City of Xenia*], 417 F.3d [565, 575-76 (6th Cir. 2005)]. Accordingly, Plaintiff has failed to state a claim for excessive force under the Fourth Amendment.

[Def.'s Br., Doc. No. 16, p.6].

Even a cursory reading of Clark's Amended Complaint, however, reveals that the paragraphs cited by Officer Bowen *supra* are *not located within the allegations pertaining to Clark's excessive force § 1983 claim*. In fact, Paragraphs 53 and 54 pertain to Clark's Count III claim for assault and battery. Within the context of Clark's *Fourth Amendment excessive force* claim, however, Clark has pled his case in much broader language than that which exists in his assault and battery claim. Indeed, Clark notes that he had a "clearly established right" which allows him "to be free from excessive force during arrest," [Pl.'s Amended Complaint, Doc. No. 4, ¶60(d)], and that Officer Bowen "intentionally inflict[ed] assaults and batteries" upon him. *Id*. at ¶63(b). Even assuming, *arguendo*, that Clark limited his assault and battery claim merely to his handcuffing in paragraphs 53 and 54 of his Complaint, paragraphs 60 and 63 of Clark's excessive force claim contain much broader allegations against Officer Bowen.

9

Nor, on these facts and at this stage in this cause of action, can the Court affirmatively state that the doctrine of qualified immunity shields Officer Bowen from Clark's excessive force claims. Under the qualified immunity rubric discussed *supra*, Clark has affirmatively pled that Officer Bowen "intentionally inflict[ed] assaults and batteries" upon him during his arrest. *Id*. at ¶62(b). The Sixth Circuit has consistently held that a criminal suspect's right to be free from excessive force during arrest is a "clearly established" right under *Saucier*. *See, e.g., Harris v. City of Circleville*, - - F.3d - -, 2009 WL 3151148, *8 (6th Cir. Oct. 2, 2009).

For these reasons, the Court **DENIES** Officer Bowen's Rule 12(c) motion with respect to Clark's Fourth Amendment excessive force claims.

III. Clark's § 1983 Claim for a Fourth Amendment Unreasonable Search Violation Against Officer Bowen Survives.

In Count V of his Complaint, Clark brings a § 1983 claim against Officer Bowen for a violation of his Fourth Amendment right to be free from unreasonable search. While Officer Bowen makes no direct argument in his brief regarding Clark's unreasonable search claims, Officer Bowen does argue generally that all of Clark's Fourth Amendment claims should be dismissed. The Court disagrees for the reasons that follow, and therefore **DENIES** Officer Bowen's Rule 12(c) motion with respect to Clark's claim for unreasonable search.

In neither Clark's Complaint, nor in the briefs of either party with respect to this motion, are the circumstances behind how Officer Bowen came into contact with Clark on November 16, 2006 explained to the Court. Indeed, in both his initial brief [Doc. No. 16] and his reply brief [Doc. No. 26], Officer Bowen neglects to even mention Clark's Fourth Amendment unreasonable search claims. Clark's Complaint, however, alleges as follows:

10

> That on November 16, 2006, Plaintiff was at his home located at 854 Village Green Apt. 3099 Waterford , Michigan, [and that] Waterford Policemen [Officer Bowen] and [Officer John Doe] entered Plaintiff's home without consent, without a warrant and without the benefit of exigent circumstances and proceeded to detain and arrest Plaintiff without probable cause.

[Pl.'s Amended Complaint, Doc. No. 4, ¶16]. These pleadings clearly allege that an unreasonable search was conducted of Clark's home. Further, Clark alleges that it was only after searching his home that Officer Bowen ran Clark's name through the LEIN system and became aware of the outstanding bench warrant. Therefore, it is alleged that Officer Bowen was not aware of the outstanding warrant for Clark's arrest, and the bench warrant could not have served as probable cause for Officer Bowen to have entered Clark's home.[6]

Nor, on these facts and at this stage in this cause of acton, can the Court affirmatively state that the doctrine of qualified immunity shields Officer Bowen from Clark's unreasonable search claims. The Sixth Circuit has consistently held that, absent probable cause or exigent circumstances, a criminal suspect's right to be free from unreasonable searches is clearly established. *See, e.g., O'Brien v. City of Grand Rapids*, 23 F.3d 990, 999 (6th Cir. 1994). Officer Bowen has not alleged that either probable cause or exigent circumstances existed for his entry into Clark's residence.

For these reasons, the Court **DENIES** Officer Bowen's Rule 12(c) motion with respect to Clark's Fourth Amendment unreasonable search claims.

IV. Clark's § 1983 Claim for *Monell* Liability Against Waterford Township Survives.

In Count VI of Clark's Complaint, Clark alleges a § 1983 claim for municipal liability

---

[6] The Court makes no finding regarding whether the bench warrant *would have constituted probable cause* to search Clark's home had Officer Bowen been aware of the warrant's existence before the search.

11

against Waterford Township, Michigan as follows:

> 73. At all times relevant herein, [Waterford Township] by their own customs, policies and/or practices systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline their police officers under their supervision, allowed, acquiesced in, and/or encouraged the other Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force, verbally abuse, humiliate, mistreat and falsely arrest and imprison Plaintiffs [*sic*] and thereby directly and proximately caused Plaintiffs to be deprived of their liberty and their right to be free from the use of excessive force, false arrest, false imprisonment, unreasonable search and seizure and other unreasonable intrusions against their persons without due process of law, in violation of the United States Constitution. . . .
>
> 74. At all times relevant herein, [Waterford Township], by their own customs, policies, and/or practices or systematically failing to enforce their own rules and regulations pertaining to the use of force against, arrest, custody, detention and prosecution of citizens, including Plaintiff, in violation of all standards of decency and minimum requirements under the law and the Constitution, Plaintiff was deprived of his liberty and his right to be free from unreasonable searches and seizures, the use of excessive force, false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution. . . .

[Pl.'s Amended Complaint, Doc. No. 4, ¶¶73, 74].

Waterford Township argues that Clark's claim for § 1983 municipal liability must be dismissed as follows:

> In the instant case, Plaintiff asserts conclusory allegations that Waterford Township "failed to properly train, evaluate, supervise, investigate, review and/or discipline their police officers. . . ." (Ex. 1, ¶73). However, Plaintiff has failed to identify or cite to any policy or practice of the Township upon which its Officers acted to violate Plaintiff's constitutional rights.

[Def.'s Br., Doc. No. 16, p.10]. While the Township's argument would be correct had Clark failed to come forward with any specific proof *at the Rule 56(c) summary judgment phase* of this case, this motion is a Rule 12(c) motion for judgment on the pleadings, not a Rule 56(c)

summary judgment motion.

The Court finds the relevant facts of this case to be analogous to those of *Petty v. County of Franklin*, 478 F.3d 341 (6th Cir. 2007), in which the Sixth Circuit, as follows, found similar *Monell* pleadings to be sufficient to survive a dispositive, pre-discovery motion:

> Given the allegations that Petty makes in his complaint, it is not immediately clear what more Petty could have alleged with respect to the policies that Franklin County might or might not have. We wonder how Petty would necessarily know, at the point of his *complaint*, and without the benefit of discovery, whether such a policy or custom might exist, and if it does exist, what its contours might be or how exactly it effected a violation of his constitutional rights.

*Petty*, 478 F.3d at 348 (emphasis in original). Clark's § 1983 *Monell* pleadings against the Township are more than sufficient to survive a Rule 12(c) challenge.

V. <u>Clark's Pendant State Law Claim for Assault & Battery Against Officer Bowen Survives</u>.

In Count III of his Complaint, Clark alleges that Officer Bowen committed an assault and battery on him during the course of his arrest and incarceration. The statute of limitations for an assault and battery claim in Michigan is two years. *See* M.C.L. 600.5805(2). While the parties agree that Clark only began his lawsuit against Officer Bowen on March 16, 2009, Officer Bowen argues that Clark's claim for assault and battery does not "relate back" to the original complaint filed November 17, 2008 under FED. R. CIV. P. 15(c). The Court disagrees, and therefore **DENIES** Officer Bowen's motion with respect to this issue.

In support of his argument, Officer Bowen relies primarily upon the Sixth Circuit's decision in *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996). As in the instant case, the plaintiff in *Cox* filed an excessive force § 1983 claim against several unnamed police officers. After the statute of limitations for such claims had run, the plaintiff sought to amend his complaint and

substitute the officers' true names for their fictitious place holders.  The Sixth Circuit did not permit the plaintiff's claims against the named officers to "relate back" under Rule 15(c):

> The naming of "unknown police officers" in the original complaint does not save the pleading.  Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties.  *Therefore, the requirements of FED. R. CIV. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint*.

*Cox*, 75 F.3d at 240 (emphasis added).  Thus, according to Officer Bowen, "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments [as here] do not satisfy the "mistaken identity" requirement. . . ." [Def.'s Br., Doc. No. 16, pp.14-15].

The Sixth Circuit in *Cox*, however, was dealing with a prior enactment of Rule 15(c) rather than the version governing the instant case.  As the *Cox* court recognized:

> Under the version of Rule 15(c) of the Federal Rules of Civil Procedure in effect at the time appellant's original complaint was filed, defendants were required to receive actual or constructive notice of the lawsuit *before the expiration of the statute of limitations* in order for an amended complaint to relate back to the filing of an original complaint.  *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).  Under the new version of Rule 15(c) that became effective on December 1, 1991, defendants must receive actual or constructive notice of the lawsuit *within the period provided for service of the summons and complaint*.  Rule 4 requires service to be made within 120 days after the filing of the complaint.

*Id*. (emphasis added).  Thus, the plaintiff in *Cox* could not rely upon the 120 day leeway provided for in Rule 4 to allow his amendment to relate back to the original claim.  Clark, on the other hand, *has the added protection of this 120 day leeway*, as seen in the current version of Rule 15(c):

> An amendment to a pleading relates back to the date of the original pleading when:

14

\*\*\*
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; or
    (C) the amendment changes the party or the naming of the party whom against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) [120 days] for serving the summons and complaint, the party to be brought in by amendment:
        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
        (ii) knew of should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1). Here, Rule 15(c)(1)(B) is satisfied, because Clark's renaming "John Doe Police Officer" as "Officer Bowen" arose from the same "conduct, transaction, or occurrence set out. . . in the original pleading." Furthermore, Officer Bowen "receive such notice of the action" under Rule 15(c)(1)(C)(i) within the 120 days required under Rule 4(m).

With respect to the final requirement in Rule 15(c)(1)(C), this Court in *Dailey v. Monte*, 26 F.Supp.2d 984 (E.D. Mich. 1998) found that "John Doe" employees of the Wayne County, Michigan, jail "knew or should have known that they would be named, but for the Plaintiff's ignorance as to their identity."[7] *Dailey*, 25 F.Supp.2d at 988. The *Dailey* Court found as follows:

> Again, given the seriousness of Plaintiff's allegations [assault and battery], I find that Defendants must have been aware of the contents of Plaintiff's Complaint pursuant to the County's investigation. *Moreover, because Plaintiff's Complaint details the assault that took place on Ward 206, Defendants knew or should have known that Plaintiff intended to name them in the Complaint.* Finally, because the investigation took place within the time for service, Defendants knew or should have known they would be named within the time required by the Rule.

---

[7] The Court in *Dailey* also went to great lengths to discredit the *Cox* holding, which Officer Bowen primarily relies upon in support of his argument. *See Dailey*, 26 F.Supp.2d at 985-88.

15

*Id*. (emphasis added). As in *Dailey*, Clark's complaint "details the assault that took place" between himself and a "John Doe Officer" on November 16, 2006, and the Waterford Police Department presumably knew or should have known what officers were involved in that alleged altercation.

As the facts of *Dailey* are analogous to those of the instant case regarding the "knew or should have known" element of Rule 15(c)(1)(C)(ii), the Court finds that Clark's Amended Complaint naming Officer Bowen relates back under FED. R. CIV. P. 15(c), and therefore Clark's claim for assault and battery is not in violation of the two-year statute of limitations in M.C.L. § 600.5805(2). Therefore, Officer Bowen's Rule 12(c) motion regarding Clark's assault and battery cause of action is **DENIED**.

> VI. <u>Clark's Pendant State Law Claims for Gross Negligence and for Intentional Infliction of Emotional Distress Against Officer Bowen Survive</u>.

In Counts II and IV of his Complaint, Clark alleges causes of actions for "gross negligence" and for intentional infliction of emotional distress in violation of Michigan State law. Officer Bowen argues that he is entitled to governmental immunity under Michigan State law from each of these allegations. The Court disagrees for the reasons that follow.

With respect to Clark's allegation of "gross negligence" by Officer Bowen, Michigan's governmental immunity statute lays out the following requirements for a government agent to secure immunity from a negligence action:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a government agency. . . is immune from tort liability. . . while in the course of employment. . . while acting on behalf of a governmental agency *if all of the following are met*:

>   (a) The officer. . . *is acting or reasonably believes he or she is acting within the scope of his or her authority*.
>   (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>   (c) The officer's. . . conduct *does not amount to gross negligence* that is the proximate cause of the injury or damage.

M.C.L. § 600.1407(2) (emphasis added).

In this case, however, Clark alleges that Officer Bowen engaged in several activities which, if true, would negate the "acting or reasonably believes he or she is acting within the scope of his or her authority" requirement of § 600.1407(2)(a), including "failing to terminate the force[d] entry into Plaintiff's home," "[f]ailure to request obtain Plaintiff's consent to enter his home," "[f]ailing to stop the search of Plaintiff's home when requested by Plaintiff," and "failure to search Plaintiff's property" without first obtaining consent. [Pl.'s Br., Doc. No. 25, p.13]. Any of these actions, if true, would fall outside the "reasonable belief" requirement for governmental immunity in § 600.1407(2)(a).

Furthermore, Clark's allegations against Officer Bowen include an allegation that Officer Bowen's conduct satisfies the "gross negligence" requirement in § 600.1407(2)(c). Section 600.1407 defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." M.C.L. § 600.1407(7)(a). Clark alleges that Officer Bowen's conduct in this case conforms to that standard [*See* Amended Complaint, Doc. No. 4, ¶50], which under a Rule 12(c) motion must be viewed by the Court in the light most favorable to the plaintiff. For these reasons, Officer Bowen's Rule 12(c) motion regarding Clark's "gross negligence" cause of action is **DENIED**.

Similarly, Officer Bowen's immunity argument regarding Clark's claim for intentional

infliction of emotional distress must also fail. In *Odom v. Wayne County*, the Michigan Supreme Court reaffirmed the validity of its own test concerning intentional-tort immunity originally outlined in *Ross v. Consumers Power Co.*, 420 Mich. 567 (1984). *Odom*, 482 Mich. at 461. Under *Ross*, a governmental employee must raise governmental immunity as an affirmative defense and establish that: 1) the employee's challenged acts were undertaken during the course of employment and that the employee was acting, or reasonably believed he was acting, within the scope of his authority; 2) the acts were undertaken in good faith; and 3) the acts were discretionary, rather than ministerial in nature. *Ross*, 420 Mich. at 633-34.

In the instant case, Clark alleges that Officer Bowen's alleged assault and battery "would naturally and probably result in emotional distress to Plaintiff." [Pl.'s Amended Complaint, Doc. No. 4, ¶56].[8] Michigan courts do not consider the alleged use of such excessive force to fall within the scope of authority given to officers for purposes of governmental immunity. *See, e.g., Odom* at 461. To be sure, as with all of Clark's causes of action that survive this motion, Clark will need to come forward with affirmative fact supporting this allegation at the summary judgment phase. Again, however, that day is not today, and Clark's pleadings are sufficient to survive a Rule 12(c) motion. For these reasons, Officer Bowen's Rule 12(c) motion regarding Clark's intentional infliction of emotional distress action is **DENIED**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the Waterford Defendants' "Motion for Judgment on the Pleadings" [Doc. No. 16] as follows:

---

[8] Clark also alleges that his false arrest and false imprisonment would also likely produce the same effect, but as explained *supra*, the Court has dismissed those causes of action with respect to Officer Bowen.

1. **GRANTS** Officer Bowen's Motion regarding his qualified immunity from Clark's claims for false arrest under federal and state law [Counts I, V].

2. **DENIES** Officer Bowen's Motion, and **DENIES** Officer Bowen's alternative argument for qualified immunity, regarding Clark's claims for violation of his Fourth Amendment rights against excessive force and unreasonable search under § 1983 [Count V].

3. **DENIES** Officer Bowen's Motion regarding Clark's claims for assault and battery [Count III], gross negligence [Count II] and for intentional infliction of emotional distress [Count IV] under Michigan State Law.

4. **DENIES** Waterford Township's Motion regarding Clark's claim for *Monell* municipal liability under § 1983.

Therefore, the following causes of action still remain with respect to the Waterford Defendants:

Count II: Gross Negligence (against Officer Bowen)
Count III: Assault and Battery (against Officer Bowen)
Count IV: Intentional Infliction of Emotional Distress (against Officer Bowen)
Count V: Violation of 42 U.S.C. § 1983 (against Officer Bowen and Waterford)
     - For Fourth Amendment excessive force and unreasonable search only
Count VI: "Constitutional Deprivation" (against Officer Bowen)
Count VII: *Monell* claim for § 1983 municipal liability (against Waterford)

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 29, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager